# Exhibit B

NYSCEF DOC. NO. 34                                    RECEIVED NYSCEF: 03/06/2024

PAYMENT OF THIS NOTE AND OF THE OBLIGATIONS HEREUNDER ARE SUBORDINATED TO THE EXTENT AND IN THE MANNER PROVIDED FOR IN THAT CERTAIN INTERCOMPANY SUBORDINATION AGREEMENT (THE "**SUBORDINATION AGREEMENT**") BY AND AMONG THE OBLIGOR (AS HEREINAFTER DEFINED), THE SUBSIDIARIES OF THE OBLIGOR PARTY THERETO FROM TIME TO TIME, AND SB CORPORATE FUNDING LLC, AS ADMINISTRATIVE AGENT. THE SUBORDINATION AGREEMENT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF AS IF SET FORTH HEREIN IN ITS ENTIRETY.

## PROMISSORY NOTE

$1,100,000,000.00                                                    June 30, 2022

THIS PROMISSORY NOTE (this "**Note**") is made as of the date first written above by the undersigned, DIGITAL CURRENCY GROUP, INC., a Delaware corporation (the "**Obligor**"), to GENESIS GLOBAL CAPITAL, LLC, a Delaware limited liability company (together with any successors or assigns or any subsequent holder of this Note, the "**Holder**"), and, solely for purposes of the agreements set forth in Section 1.6 of this Note, GENESIS ASIA PACIFIC PTE. LTD., a corporation organized and existing under the laws of Singapore ("**GAP**").

WITNESSETH

WHEREAS, GAP heretofore has made or assumed loans and other financial accommodations (collectively, the "**TAC Loans**") provided from time to time to Three Arrows Capital Ltd., a corporation organized and existing under the laws of the British Virgin Islands ("**TAC**");

WHEREAS, the TAC Loans were funded with working capital provided from time to time by the Holder, evidenced by book-entry intercompany transfers from the Holder to GAP and resulting in non-interest-bearing accounts payable from GAP to the Holder (the "**Intercompany Payables**");

WHEREAS, as of June 30, 2022, the parties agree that the aggregate principal amount of the Intercompany Payables, after giving effect to all repayments and recoveries in respect of the TAC Loans (and taking into account the value of any potential realization on any TAC Collateral (as hereinafter defined)) as of such date, is $1,100,000,000.00 (the "**Assumed Liability**");

WHEREAS, TAC has defaulted on the TAC Loans and, except for expected recoveries from the realization by GAP of collateral provided by TAC to secure certain of the TAC Loans (the "**TAC Collateral**"), GAP has substantial doubts that it will be able to recover any additional amounts from TAC in respect of the TAC Loans;

WHEREAS, notwithstanding the foregoing, the Assumed Liability shall be reduced in accordance with the terms of Section 1.6 of this Note to reflect any repayment or other recoveries (including any further realization on the TAC Collateral) in respect of the TAC Loans after the date hereof;

WHEREAS, contemporaneously with the issuance of this Note, GAP assigned to the Obligor, and the Obligor assumed from GAP, the Assumed Liability pursuant to that certain Assignment and Assumption Agreement, dated as of even date herewith, between GAP and the Obligor (the "**Assignment**"); and

WHEREAS, the Obligor is issuing this Note to the Holder to evidence the Obligor's obligations in respect of the Assumed Liability and to memorialize the terms of the repayment thereof.

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into the operative provisions of this Note by this reference, and for other good and valuable consideration, the receipt and adequacy of which are hereby conclusively acknowledged, the parties hereto agree as follows:

FOR VALUE RECEIVED, the Obligor promises to pay to the Holder on the Maturity Date (as hereinafter defined), the principal sum of ONE BILLION ONE HUNDRED MILLION AND 00/100 DOLLARS ($1,100,000,000.00), or such lesser amount as shall equal the outstanding principal balance hereunder (as such amount may increase from time to time, if applicable, due solely to the payment of PIK Interest (as hereinafter defined) pursuant to the terms hereof, the "**Principal Amount**"), in lawful money of the United States of America in immediately available funds, and to pay interest from the date of issuance of this Note on the Principal Amount from time to time outstanding at a rate per annum and payable on such dates as determined pursuant to the terms of this Note.

**SECTION 1.          TERMS OF PAYMENT**

1.1     <u>Maturity Date</u>.  The unpaid Principal Amount of this Note, together with all accrued and unpaid interest as set forth in this Note, shall be paid in full on or before June 30, 2032 (the "**Maturity Date**").  If any day on which a payment is due pursuant to the terms of this Note is not a day on which banks in the State of New York are generally open (a "**Business Day**"), such payment shall be due on the next Business Day following.

1.2     <u>Interest</u>.

1.2.1    The Principal Amount outstanding from time to time shall bear interest at a rate equal to one percent (1.00%) per annum.

1.2.2    Interest with respect to this Note shall be paid quarterly in arrears on the last Business Day of each March, June, September and December of each calendar year, commencing September 30, 2022 (each, an "**Interest Payment Date**"), either (a) in cash or (b) at the option of the Obligor, or at any time cash payments are not permitted by the terms of the Subordination Agreement, in kind by adding an amount equal to the accrued interest for such quarterly interest period to the then-outstanding Principal Amount (interest so paid under this clause (b), "**PIK Interest**").  Once paid, any PIK Interest shall constitute principal of this Note and shall accrue interest as such.

1.2.3    Under no circumstances shall the rate of interest chargeable under this Note be in excess of the maximum amount permitted by applicable law.  If for any reason any such

2

excess interest is charged and paid, then the excess amount shall be promptly refunded by the Holder.

      1.2.4   Interest on this Note shall be computed on the basis of the actual number of days elapsed over a year of 365 days (366 days in a leap year). In computing such interest, the date this Note is issued shall be included and the date of payment of any Principal Amount shall be excluded.

    1.3   <u>Optional Prepayments</u>. The Principal Amount, together with any accrued and unpaid interest thereon, may be prepaid, at Obligor's option, at any time prior to the Maturity Date, in whole or in part, without premium or penalty. All payments received by Holder hereunder will be applied first to interest and the balance to the Principal Amount. No amount repaid or prepaid hereunder may be reborrowed.

    1.4   <u>Recordation of Payments</u>. The Holder is hereby authorized to record all repayments or prepayments under this Note on the schedule attached hereto, or otherwise in its books and records, such schedule and/or books and records constituting *prima facie* evidence (absent manifest error) of the principal amount of this Note; <u>provided</u>, <u>however</u>, that the failure of the Holder to make such a notation or any error in such notation shall not affect the obligations of the Obligor to the Holder under this Note.

    1.5   <u>Form of Payment</u>. Any and all payments hereunder shall be made in lawful money of the United States of America by wire transfer of immediately available federal funds in accordance with such wire transfer or other payment instructions as the Holder may designate from time to time, or if no such designation is made.

    1.6   <u>TAC Loans</u>.

      1.6.1   Each of the Obligor and GAP hereby agrees to promptly pay or transfer over, and shall cause each of their respective affiliates to pay or transfer over, to the Holder any payment, repayment, distribution, proceeds or other amount received in respect of the TAC Loans or the TAC Collateral after the date hereof, whether in cash, securities or other property (each, a "**TAC Recovery**"), for application to the Principal Amount then remaining unpaid, until paid in full.

      1.6.2   The parties hereto agree that the Principal Amount hereof shall be reduced immediately and automatically (on a dollar-for-dollar basis) upon the receipt by the Holder of any TAC Recovery, whether from GAP, the Obligor, TAC or any other person or entity, by set-off or otherwise.

      1.6.3   Each of GAP and the Holder agrees that it shall use commercially reasonable efforts, in a manner determined in its reasonable business judgment with the advice of counsel and advisors, to maximize the TAC Recovery.

      1.6.4   Each of GAP and the Holder agrees that the Obligor's obligations to repay the Principal Amount, together with interest thereon, in accordance with the terms hereof are subject to performance by GAP and the Holder with its obligations under this <u>Section 1.6</u>.

3

## SECTION 2.          MISCELLANEOUS

2.1    <u>Amendments and Waivers; Transfers; Successor and Assigns</u>.  No amendment, modification, termination, waiver or consent to departure of any provision of this Note shall in any event be effective without the prior written consent of the Holder and the Obligor.  This Note may not be assigned or transferred by the Holder to any person or entity without the consent of the Obligor, and any such assignment or transfer without the Obligor's prior written consent shall be null and void in all respects.  The Obligor shall not be permitted to assign or transfer any of its rights, liabilities or obligations hereunder without the prior written consent of the Holder, and any such assignment or transfer without the Holder's prior written consent shall be null and void in all respects.  This Note shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

2.2    <u>Applicable Law; Consent to Jurisdiction</u>.  This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York, without regard to principles of conflicts of law.  The Holder and the Obligor hereby submit to the exclusive jurisdiction of the State and Federal courts located in the State of New York.  THE UNDERSIGNED ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED UNDER CERTAIN CIRCUMSTANCES.  TO THE EXTENT PERMITTED BY LAW, EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF ITS, HIS OR HER CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THE MUTUAL BENEFIT OF ALL PARTIES, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT OR ANY OTHER DOCUMENT, INSTRUMENT OR AGREEMENT BETWEEN THE UNDERSIGNED PARTIES.

2.3    <u>Entirety; No Strict Construction; No Third Party Beneficiaries</u>.  This Note embodies the entire agreement among the parties and supersedes all prior agreements and understandings, if any, relating to the subject matter hereof.  The language used in this Note shall be deemed to be the language chosen by the parties hereto to express their mutual intent, and no rule of strict construction will be applied against any person or entity.  The use of the word "including" and "includes" in this Note shall be by way of example rather than by limitation.  Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person or entity, other than the Holder and the Obligor and their respective permitted successors and assigns, any rights or remedies under or by reason of this Note.

2.4    <u>Further Assurances</u>.  Each of the parties hereto agrees from time to time, as and when requested by any party hereto, to execute and deliver or cause to be executed and delivered, all such documents, instruments and agreements and to take or cause to be taken such further or other action as such party may reasonably deem necessary or desirable in order to carry out the intent and purposes of this Note and any other documents or agreements executed or otherwise delivered in connection herewith.

2.5    <u>Waivers</u>. The Obligor hereby waives presentment, demand, protest or notice of any kind in connection with this Note.

4

ACTIVE/117864363.5

NYSCEF DOC. NO. 34

RECEIVED NYSCEF: 03/06/2024

    2.6   <u>Severability</u>.  If any provision of this Note is held by a court of competent jurisdiction to be void or unenforceable in whole or in part, the remaining provisions of this Note shall continue in full force and effect.

*[SIGNATURES FOLLOW]*

ACTIVE/117864363.5

NYSCEF DOC. NO. 34                                                      RECEIVED NYSCEF: 03/06/2024

IN WITNESS WHEREOF, the Obligor has executed and delivered this Note as of the date first above written.

**OBLIGOR**

DIGITAL CURRENCY GROUP, INC.

By: _BARRY SILBERT_ _____

Name: Barry E. Silbert

Title: Chief Executive Officer

Acknowledged and Agreed:

**HOLDER**

GENESIS GLOBAL CAPITAL, LLC

By: Genesis Global Holdco, LLC, its sole member

By: _____

Name:

Title:

[*SIGNATURES CONTINUE ON NEXT PAGE*]

*[Promissory Note – Digital Currency Group, Inc. to Genesis Global Capital, LLC]*
ACTIVE/117864363.5

NYSCEF DOC. NO. 34                                    RECEIVED NYSCEF: 03/06/2024

IN WITNESS WHEREOF, the Obligor has executed and delivered this Note as of the date first above written.

**OBLIGOR**

DIGITAL CURRENCY GROUP, INC.

By: _____
Name:
Title:

Acknowledged and Agreed:

**HOLDER**

GENESIS GLOBAL CAPITAL, LLC

By: Genesis Global Holdco, LLC, its sole member

By: _____
Name:  S. Michael Moro
Title:  CEO

[*SIGNATURES CONTINUE ON NEXT PAGE*]

*[Promissory Note – Digital Currency Group, Inc. to Genesis Global Capital, LLC]*
ACTIVE/117864363.5

Solely for purposes of Section 1.6 of the Note:

GENESIS ASIA PACIFIC PTE. LTD.

By: _____

Name: S. Michael Moro
Title: Director

NYSCEF DOC. NO. 34                                                    RECEIVED NYSCEF: 03/06/2024

SCHEDULE OF REPAYMENTS
TO NOTE OF DIGITAL CURRENCY GROUP, INC.

| Date | Principal Amount of Note Before Payment | Repayments of Principal | Unpaid Principal Amount After Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

ACTIVE/117864363.5