UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI, | : : : : | No. 4:25-CV-1 (Caraballo, M.J.) |
| Plaintiffs, | : : | |
| v. | : : | FILED SCRANTON |
| DIGITAL CURRENCY GROUP, INC.; BARRY E. SILBERT; and SOICHIRO "MICHAEL" MORO, | : : : : | MAR 26 2025 PER _____ DEPUTY CLERK |
| Defendants | : | |

## ORDER

In this diversity suit, Plaintiffs Stephen Sokolowski and Christopher Sokolowski (collectively "the Sokolowskis") aver that Genesis Global Capital, LLC, a subsidiary of Defendant Digital Currency Group, Inc. ("DCG"), misrepresented its "financial health and stability" and thus induced them into investing their money and cryptocurrency with the company. Doc. 1 at 2–3.

The Sokolowskis, proceeding pro se, commenced this lawsuit on January 2, 2025. Doc. 1. On March 4, 2025, DCG and Defendant Barry Silbert filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Doc. 9. Their supporting brief was submitted on

March 18, 2025, as it exceeded the page limit established by Middle District of Pennsylvania Local Rule 7.8(b) and thus required the Court's leave to be filed. Docs. 14–16. Then, on March 21, 2025, Defendant Soichiro Moro submitted his motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). Doc. 19. The Sokolowskis subsequently filed their first amended complaint on March 25, 2025. Doc. 22.

The first amended complaint supersedes the live Complaint and thus moots the two motions to dismiss filed by DCG, Silbert, and Moro. "A party may amend its pleading once as a matter of course no later than, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B); *see also Jones v. Catell*, 2025 WL 336729, at *1 (M.D. Pa. Jan. 29, 2025) (citing Fed. R. Civ. P. 15(a)(1)). Put differently, the Sokolowskis could amend their complaint without the Court's leave within 21 days after Moro's motion to dismiss was submitted.

As the Sokolowskis timely filed their first amended complaint, the live Complaint is no longer the operative pleading in this action. *See*

*Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009). Thus, the Court denies as moot the pending motions to dismiss. *See id.*

Accordingly, it is **ORDERED** that the pending motions to dismiss (Docs. 9, 19) are **DENIED WITHOUT PREJUDICE AS MOOT**.

<u>*s/ Phillip J. Caraballo*</u>
Phillip J. Caraballo
United States Magistrate Judge