IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI, **Plaintiffs,** | Electronically Filed |
| v. | Case No. 4:25-cv-00001-PJC |
| DIGITAL CURRENCY GROUP, INC., BARRY E. SILBERT, and SOICHIRO "MICHAEL" MORO, **Defendants.** | Hon. Phillip J. Caraballo |

### NOTICE OF RELATED PROTECTIVE ACTION FILED IN THE DISTRICT OF CONNECTICUT (NO RELIEF SOUGHT)

Plaintiffs respectfully notify the Court of the following facts only; no Court action is requested.

1. On May 29, 2025, Plaintiffs filed a civil action in the United States District Court for the District of Connecticut captioned *Sokolowski et al. v. Digital Currency Group, Inc. et al.*, Case No. 3:25-cv-00870 (hereinafter the "Connecticut Action"). The Connecticut Action arises from the identical fraud alleged in the instant action. The Connecticut Action's complaint is nearly identical to the complaint in the instant case, with the same Plaintiffs and Defendants.

2. Connecticut's strict three-year statutes of repose for fraud and Connecticut Unfair Trade Practices Act ("CUTPA") actions run from the act, are

1

not based upon the date of discovery, are not tolled by an out-of-state filing, do not "relate back" to actions in other courts, and do not stop until the Defendants are *served* (filing is insufficient.) Connecticut's savings statute (Conn. Gen. Stat. § 52-592) does not protect against a dismissal for non-merits reasons in an out of state action. See *Lippmann v. Rashkoff*, 32 Conn. App. 187, 628 A.2d 624 (1993) (Connecticut claims were dismissed as time-barred after a New York court dismissed for lack of personal jurisdiction.)

3. Plaintiffs waited until the last possible moment and filed the Connecticut Action *solely as a protective measure* to toll the statutes of repose should the instant first-filed action be dismissed on non-merits grounds (e.g., lack of personal jurisdiction) before the merits can be reached.

4. Simultaneously with the Connecticut Action, Plaintiffs filed a motion requesting that the Connecticut court administratively stay that action in deference to the instant one; or dismiss it with leave to refile. Plaintiffs did so immediately, so as not to burden Defendants or any court with time or costs. Plaintiffs have requested that Defendants concur with the stay/dismissal motion, and they have requested that the Connecticut court require no response from the Defendants.

5. A courtesy copy of the Connecticut Action is attached as Exhibit A. The stay/dismissal motion is attached as Exhibit B. The evidence referenced in the

Connecticut Action is not attached but is identical to that included with the instant docket's Amended Complaint (ECF No. 22).

6. In the Connecticut Action, Plaintiffs again assert that the claims belong to Stephen and Christopher Sokolowski individually. Consistent with Fed. R. Civ. P. 8(d)(2) and 17(a)(3), and in light of the possibility that a Connecticut court applying its own substantive law could reach a different real-party-in-interest conclusion, the Connecticut Action reserves, in the alternative, that:

> Should any court of competent jurisdiction determine that one or more claims pleaded herein belong, in whole or in part, to Cryptocurrency Management LLC… rather than to Plaintiffs individually, in the alternative, Plaintiffs will promptly take all necessary and appropriate steps under Fed. R. Civ. P. 17(a)(3) to ensure the action may proceed in the name of the real party in interest.

*Connecticut Action*, at ¶ 2

7. Plaintiffs emphasize that this alternative language is a procedural safeguard, not a concession that CM LLC is the proper plaintiff, and it is not intended as, and should not be construed as, an admission for any purpose in this action. Arguing in the alternative is expressly permitted by Rule 8(d)(2), and Courts have routinely found that pleading in the alternative is proper and cannot be introduced as evidence of contrary factual admissions. See *Giannone v. United States Steel Corp.*, 238 F.2d 544, 548 (3d Cir. 1956) ("The authorities generally

concede that one of two inconsistent pleas cannot be used as evidence in the trial of the other.")

8. By lodging the Connecticut Action, Plaintiffs do not concede that venue, convenience, or choice-of-law considerations favor Connecticut, nor do they waive the argument that Pennsylvania's UTPCPL governs. Plaintiffs intend to litigate in a single forum. They strongly believe that this Court possesses personal jurisdiction over all Defendants and is well-equipped to see this case through to its final disposition. If the Connecticut case has not by then already been dismissed with leave to refile as Plaintiffs suggested to that court, Plaintiffs have indicated that they will themselves voluntarily dismiss the stayed Connecticut Action if this Court proceeds to a merits ruling.

Dated: May 29, 2025

Respectfully submitted,

/s/ Stephen H. Sokolowski
Stephen H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9800
steve@shoemakervillage.org

/s/ Christopher H. Sokolowski

Christopher H. Sokolowski, Pro Se

3178 Carnegie Drive

State College, PA 16803

(814) 600-9804

chris@shoemakervillage.org