IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI, **Plaintiffs,** v. DIGITAL CURRENCY GROUP, INC., BARRY E. SILBERT, SOICHIRO "MICHAEL" MORO, **Defendants.** | Electronically Filed<br><br>Case No. 4:25-cv-00001-KM-PJC<br><br>Hon. Karoline Mehalchick<br>Hon. Phillip J. Caraballo |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT
AND BRIEF IN SUPPORT**

Plaintiffs Stephen H. Sokolowski and Christopher H. Sokolowski ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1, respectfully move for leave to file the Second Amended Complaint attached as Exhibits 1, 2, and 3.

In support, Plaintiffs state as follows:

1

I       INTRODUCTION AND RELIEF REQUESTED

1.      This matter remains at the pleading stage. Defendants have filed motions to dismiss directed to the currently operative pleading (the First Amended Complaint, ECF No. 22), and no answer has been filed.

2.      Since filing the First Amended Complaint, Plaintiffs have uncovered substantial additional evidence and information materially expanding the scope of the alleged enterprise and conduct at issue, identifying additional participants and schemes, and supporting additional causes of action.

3.      Plaintiffs therefore seek leave to file a Second Amended Complaint that (a) adds a plaintiff (PROHASHING LLC) and (b) adds additional defendants, including Jefferies Financial Group, Inc., Jefferies Leveraged Credit Products, LLC, Xclaim, Inc., Andrew Glantz, Vincent Falco; and (c) asserts additional federal and state claims, including civil RICO (18 U.S.C. § 1962(c)) and RICO conspiracy (18 U.S.C. § 1962(d)), UTPCPL (73 P.S. § 201-1 et seq.).

4.      The proposed Second Amended Complaint is attached as Exhibit 1, with its exhibits attached as Exhibit 2 and declarations attached as Exhibit 3, consistent with Local Rule 15.1(a), and is complete in itself.

5.      Plaintiffs respectfully request that the Court excuse strict compliance with Local Rule 15.1(b) due to the length and complexity of the proposed

amendment and permit Plaintiffs to file this document within fourteen (14) days of any Order granting leave, or such other date as the Court directs.

6. Plaintiffs request an Order:

    a. Granting leave to file the Second Amended Complaint;

    b. Directing the Clerk to file Exhibit 1 as the operative pleading, Exhibit 2 as the relevant exhibits, and Exhibit 3 as the accompanying declarations;

    c. Setting the time for Defendants to respond under Rule 15(a)(3) (or such other schedule the Court deems appropriate); and

    d. Addressing the pending motions to dismiss as the Court deems efficient (including denying without prejudice as moot, or permitting Defendants to refile/renew as to the Second Amended Complaint).

## II  LEGAL STANDARD

7. Rule 15(a)(2) provides that the Court "should freely give leave [to amend] when justice so requires." The Supreme Court has instructed that leave should be freely given absent reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8. In evaluating a motion for leave to amend, courts in this Circuit favor decisions on the merits and liberality in granting amendment, particularly where the case remains at an early stage and amendment will not unduly prejudice the opposing party.

## III   ARGUMENT

### A   Amendment Is Warranted and Timely Given Newly Discovered Evidence and the Early Procedural Posture

9. Plaintiffs seek amendment based on newly discovered information that materially expands and clarifies the alleged conduct, parties, and legal theories. The proposed Second Amended Complaint consolidates these related factual allegations and claims into a single operative pleading.

10. This case remains at the pleading stage. No trial date has been set and formal discovery has not commenced. Allowing amendment now minimizes any disruption and serves the interests of an orderly adjudication.

### B   There is No Undue Prejudice to Defendants

11. Amendment at this juncture will not unduly prejudice Defendants. Defendants have not answered, and the litigation has not progressed into merits discovery. The proposed amendment does not force Defendants to relitigate

completed discovery or revise expert reports, nor does it jeopardize any imminent trial date.

12. Any incremental burden from responding to a more complete pleading is not "undue prejudice" under Rule 15; it is the ordinary consequence of litigating claims on the merits.

### C  Amendment Promotes Judicial Economy and Avoids Piecemeal Litigation

13. The proposed Second Amended Complaint consolidates related actors, transactions, and legal theories into one operative pleading. Granting leave now reduces the risk of fragmented proceedings or later motions practice over joinder, claim-splitting, and statute-of-limitations disputes.

14. Further, as recognized by courts applying Third Circuit law, an amended complaint typically supersedes the prior complaint as the operative "blueprint" for the case. Accordingly, resolving motions directed at a superseded pleading may become an inefficient use of resources. Granting leave now allows the case to proceed on the pleading that Plaintiffs intend to litigate.

**D   Amendment Is Not Futile on Its Face**

15.     Plaintiffs' proposed Second Amended Complaint pleads substantial additional facts and asserts claims under federal and Pennsylvania law, including civil RICO, RICO conspiracy, UTPCPL, and tortious interference with economic relations.

16.     At this stage, Plaintiffs are not required to prove their case; they must plead plausible claims. The proposed Second Amended Complaint includes expanded factual allegations, additional defendants, and additional legal theories that Plaintiffs contend satisfy the applicable pleading standards.

17.     To the extent Defendants dispute the sufficiency of the Second Amended Complaint, the proper mechanism is a responsive motion directed to that pleading after it becomes operative, not denial of leave where Rule 15's liberal standard applies.

**IV   CONCLUSION**

18.     For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for Leave to File Second Amended Complaint and enter the Proposed Order submitted herewith.

Dated: January 2, 2026

Respectfully submitted,


/s/ Stephen H. Sokolowski
Stephen H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9800
steve@shoemakervillage.org

/s/ Christopher H. Sokolowski
Christopher H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9804
chris@shoemakervillage.org