IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI, **Plaintiffs,** v. DIGITAL CURRENCY GROUP, INC., BARRY E. SILBERT, SOICHIRO "MICHAEL" MORO, **Defendants.** | Electronically Filed<br><br>Case No. 4:25-cv-00001-KM-PJC<br><br>Hon. Karoline Mehalchick<br>Hon. Phillip J. Caraballo |

**PLAINTIFFS' MOTION TO STAY PROCEEDINGS AND BRIEF IN SUPPORT**

Plaintiffs Stephen H. Sokolowski and Christopher H. Sokolowski, proceeding pro se, respectfully move this Court to stay all proceedings in the above-captioned matter up to and including February 2, 2026. In support thereof, Plaintiffs state as follows:

**I       INTRODUCTION AND RELIEF REQUESTED**

1.      **Nature of the Case**: This action currently asserts claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

1

arising from Defendants' alleged misrepresentations regarding the solvency of Genesis Global Capital, LLC.

2. **Newly Discovered Evidence:** After the filing of the First Amended Complaint, Plaintiffs uncovered significant new evidence regarding Defendants' conduct and the conduct of other current non-parties. This evidence relates to interconnected transactions and materially affects the scope of this litigation. It brings new context to the events described in the First Amended Complaint.

3. **Second Amended Complaint:** Plaintiffs have filed a Motion To Amend and have presented a proposed Second Amended Complaint to include claims based upon this evidence. Plaintiffs feel that the events described in this complaint are in the public interest, and therefore believed it necessary to publish the proposed Second Amended Complaint as soon as they had completed it.

4. **Judicial Economy:** If the filed Motion To Amend is granted, the existing Motions to Dismiss the First Amended Complaint presented by current Defendants DCG, Silbert, and Moro will become moot. It is in the interest of the Court to conserve its time and to avoid issuing an advisory opinion on the existing Motions To Dismiss.

5. **Counsel Requirement:** The addition of new Plaintiff PROHASHING LLC ("PROHASHING") mandates that current Plaintiffs, who are 100% owners in PROHASHING, search for and retain counsel for the company. The uniqueness of

the evidence uncovered by Plaintiffs' investigation, combined with other external factors, have made it difficult for Plaintiffs to find counsel to date.

6. **Funding:** PROHASHING is a defunct, non-operating company that ceased operations on December 2, 2025. PROHASHING is close to insolvency and the company is currently at risk of Chapter 7 bankruptcy. It is in the interest of justice for the Court to provide time for PROHASHING to research litigation financing.

7. **No Prejudice:** A short 30-day stay will not prejudice any party. It will additionally provide the existing Defendants time to review the new claims against them, and the proposed Defendants time to retain counsel.

8. **Timing**: On or before February 2, 2026, PROHASHING's new counsel will file a Notice of Appearance.

9. **Intent**: After the stay expires, after obtaining counsel for PROHASHING, and should the Court rule to amend the Complaint, Plaintiffs intend to take the following actions:

   a. Move to phase the proceedings such that Count V in the proposed Second Amended Complaint (Declaratory Judgment against the Jefferies Defendants) is adjudicated first. As argued in the Second Amended Complaint, the entire future of the litigation turns on a declaration of whether Cryptocurrency Management LLC ("CM LLC") ever owned the RICO and UTPCPL claims

asserted, and it would be most efficient for the Court to adjudicate this threshold issue first.

      b.     Should the Court agree to phase but rule against Plaintiffs on the declaratory judgment, litigate the alternative counts VI-VIII against Glantz and Xclaim.

      c.     Otherwise, commit to litigation financing to bring the full RICO and UTPCPL cases against all Defendants.

10.    **WHEREFORE**, Plaintiffs respectfully request that this Court enter an Order staying all proceedings, deadlines, and rulings in this matter until February 2, 2026 to allow PROHASHING to search for funding and counsel and for Plaintiffs to determine the appropriate procedural path forward.

**II      BRIEF IN SUPPORT**

    **A  Procedural History**

11.     Plaintiffs filed their First Amended Complaint on March 25, 2025. Defendants have filed motions to dismiss. Plaintiffs have recently discovered evidence that supports broader claims over a longer time period. These claims involve both Plaintiffs and a new LLC, PROHASHING LLC, which must retain counsel and obtain litigation financing because the company is close to insolvency.

    **B  Legal Standard**

12.     It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant a stay is within the sound discretion of the trial court. *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976).

    **C  Argument**

13.     A stay is appropriate here because it promotes judicial economy. Plaintiffs have moved to amend their complaint to add significant new claims and defendants. Under the "superseding pleading" doctrine, an amended complaint

renders the original complaint of no legal effect. *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("a defendant is required to answer the amended complaint even if the new version does not change the charges against him.") Consequently, any ruling by this Court on the pending Motion to Dismiss the current complaint would be rendered moot by the amendment. It would be an inefficient use of judicial resources for the Court to analyze and rule upon the existing pleading.

14.     Furthermore, no prejudice will result. This case is in its early stages. No trial date has been set, and formal discovery has not commenced. A 30-day pause will not degrade evidence or harm Defendants' ability to defend themselves; rather, it will allow them to review the new evidence and prepare their defenses.

**D. Conclusion**

15.     For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion and stay all proceedings until **February 2, 2026**.

Dated: January 2, 2026

Respectfully submitted,


/s/ Stephen H. Sokolowski
Stephen H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9800
steve@shoemakervillage.org

/s/ Christopher H. Sokolowski
Christopher H. Sokolowski, Pro Se
3178 Carnegie Drive
State College, PA 16803
(814) 600-9804
chris@shoemakervillage.org