## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN SOKOLOWSKI, et al.,** | : | **CIV. NO. 4:25-CV-1** |
| | : | |
| **Plaintiffs,** | : | **(Judge Mehalchick)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DIGITAL CURRENCY GROUP, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

On January 13, 2026, this *pro se* lawsuit was referred to the undersigned for case management. Having reviewed the docket, we have a duty of candor to all parties which requires us to speak some simple, but hard, truths.

In its current posture, this case threatens to descend into a litigative train wreck, an unwieldy morass, and some form of legal Hydra where every effort to cut off potential claims simply spawns of host of new averments and allegations. Before matters reach this state, it is incumbent upon us to propose a path forward, a course which addresses the pending motions, while prescribing a direction forward for the litigants. Thus, in an attempt to create order out of impending legal chaos we submit the following Report and Recommendation.

1

## II.  **Factual and Procedural Background**

This case began on January 2, 2025, when Stephen and Christopher Sokolowski filed a *pro se* civil complaint which named three defendants—Digital Currency Group, Barry Silbert, and Soichiro "Michael" Moro. (Doc. 1). In their initial filing the plaintiffs "acknowledge[d] that this Complaint is lengthy," (id. at 2), and indeed it was. This initial pleading was 108 pages in length, consisting of a 66 page, 125 paragraph complaint, and extensive accompanying exhibits. (Id.)   At bottom, the complaint alleged a fraudulent cryptocurrency scheme involving the defendants which the plaintiffs alleged violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law, (UTPCPL).

Having acknowledged at the outset the lengthy and potentially prolix nature of their initial filing, the *pro se* plaintiffs have followed a course which has expanded this pleading exponentially. Thus, after the defendants filed motions to dismiss this original complaint, (Docs. 9, 16, 19), the Sokolowski brothers filed an amended complaint. (Doc. 22). Once again, the plaintiffs acknowledged that their amended pleading was lengthy, (id. at 2), and, in fact, this document was an unwieldly 375 pages in length, consisting of an 81 page, 163 paragraph pleading with voluminous accompanying exhibits alleging cryptocurrency fraud in violation of UTPCPL. (Id.) Thus, the plaintiffs' first amended complaint expanded their initial *pro se* pleading by some 347%.

This amended complaint, in turn, inspired two renewed motions to dismiss. (Docs. 24, 25). These motions, which challenge the legal sufficiency of this voluminous first amended complaint, remain pending before the Court.

In response, on January 9, 2026, the plaintiffs lodged a motion to file a second amended complaint. (Doc. 60). Appended to their motion is a proposed second amended complaint and exhibits. (Docs. 60-1 through 60-3). This second amended complaint with its exhibits is a staggering 946 pages in length and contains more than 720 numbered paragraphs, rivalling Margaret Mitchell's epic novel *Gone With The Wind* in its length and page count.[1] Thus, over the past year, the complaint which the Sokolowskis recognized as lengthy when first filed in January of 2025, has continued to expand and metastasize, growing to 876% of its initial girth.

The proposed second amended complaint adds one plaintiff and five defendants to their initial lawsuit. (Doc. 60-1). Beyond this expansion of the named parties, the second amended complaint included a particularly curious, and troubling, style of pleading. This proposed amended complaint identifies a host of individuals and entities that are described as non-parties. (Id. at 25-33, ¶¶ 44-54). Many of these non-parties are specifically identified by name and, despite the fact that as non-parties they are not provided the opportunity to defend themselves, many

---

[1] *Gone With The Wind*, (Scribner May 2011) (960 pages)

of these named persons and organizations are accused of criminal wrongdoing in this proposed second amended complaint.

The second amended complaint then exponentially expands the plaintiffs' legal claims. In addition to the prior state law UTPCPL claim, this massive pleading alleges RICO civil racketeering and conspiracy violations, a civil conspiracy claim, negligent and fraudulent misrepresentations allegations, along with averments of tortious interference with contracts and prospective economic relations. (Id.) The proposed amended complaint is also breathtakingly sweeping in terms of the relief sought, demanding far-reaching injunctive and declaratory relief as well as more than $14,000,000,000 in RICO racketeering damages. (Id. at 312).

The plaintiffs' motion inviting us to approve this gargantuan proposed amended complaint is currently pending before the Court. In addition, the *pro se* plaintiffs have filed a motion which suggests that Stephen and Christopher Sokolowski may recognize that the reach of their proposed amended complaint exceeds their competence to grasp as laymen. Specifically, the plaintiffs seek a 60-day stay of this litigation as they seek the assistance of competent legal counsel in this case. (Doc. 63).

Taken together, these filings describe a case which may be rapidly spiraling out of control. It is against this backdrop that we recommend a course, based upon

the pending motions, which is designed to instill order, coherence and a sense of proportion to this litigation.

### III.  <u>Discussion</u>

Rule 1 of the Federal Rules of Civil Procedure sets the guiding, animating principle which governs civil litigation in federal court, stating that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to *secure the just, speedy, and inexpensive determination of every action and proceeding*." Fed. R. Civ. P. 1 (emphasis added). In our view, the path currently being followed by the litigants in this case is antithetical to these core tenets of federal practice. The transmogrification of the plaintiffs' *pro se* complaint into a nearly 1,000 page tome almost certainly ensures that the determination of this action will be slow, painful and expensive for all concerned. Moreover, the plaintiffs' invitation to have us endorse the filing of a pleading which, in effect, accuses many non-parties of criminal conduct without affording them the chance to contest these allegations is fundamentally unjust.

We should not allow this lawsuit to devolve into disarray.

In order to impose some semblance of order on a case which is now fraught with potential for chaos, we recommend that the district court adopt the following three-step course which: (1) addresses the pending motions in this litigation; (2) calls

for a fundamental reset of this lawsuit; and (3) allows the parties the opportunity to focus and clarify the issues in this lawsuit.

**A. <u>Since the Plaintiffs Having Abandoned Their First Amended Complaint, the Defense Motions to Dismiss That Abandoned Pleading Should Be Deemed Moot</u>.**

At the outset, the plaintiffs' latest motion to amend their complaint evinces a fixed and firm intent to abandon their first amended complaint in favor of a new pleading which embraces additional parties along with new and different legal claims. Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings, strongly favors amendment of pleadings and provides that such leave to amend should be liberally granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and as we discuss below, the submission of a proper, focused amended complaint is essential in this case..

The plaintiffs' clearly stated intent to abandon their first amended complaint has substantive significance for the parties with respect to the pending motions to dismiss that first amended complaint filed by the defendants since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice &</u>

6

Procedure 1476 (2d ed. 1990) ("A pleading that has been amended 'supersedes the pleading it modifies'. Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Therefore, since the first amended complaint has, in effect, been declared a legal nullity by the *pro se* plaintiffs who seek to amend their pleadings the defendants' motions to dismiss this abandoned complaint, (Docs. 24, 25), should be deemed moot.

**B. <u>While the Plaintiffs Should be Directed to Amend Their Complaint, the 946 Page Proposed Amended Complaint Tendered by These *Pro Se* Litigants Violates Rule 8</u>**.

Rule 15 of the Federal Rules of Civil Procedure governs amendment and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Sokolowski brothers now seek leave to further amend their complaint. We agree that the preparation of a proper, focused amended complaint would promote the interests of justice, and recommend that the district court direct the

plaintiffs to submit an amended complaint. However, we find that the 946-page proposed amended complaint tendered by the plaintiffs is inappropriate and should be rejected by the court.

In its current form this proposed amended complaint runs afoul of a basic tenet of federal practice, Rule 8's injunction that, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct.'" Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007) (citing Fed.R.Civ.P. 8(e)(1)).

"A district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8." DiGenova v. UNITE HERE Loc. 274, 849 F. App'x 331, 333 n. 1 (3d Cir. 2021). Enforcing the requirements of Rule 8 is "largely a matter for the trial court's discretion." Ciralsky v. C.I.A., 355 F.3d 661, 669 (D.C. Cir. 2004). However, when exercising this discretion and evaluating a proposed complaint's compliance with Rule 8 we are mindful that Rule 8 "underscore[s] the emphasis placed on *clarity and brevity* by the federal pleading rules." In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996) (emphasis added). Thus, in extreme cases when a complaint is of such an "unwieldy length" that the pleading defies efforts to fashion a coherent

response, an order dismissing a complaint under Rule 8 is appropriate. <u>See e.g.</u>, <u>Testa v. Internal Revenue Serv.</u>, No. 22-3382, 2023 WL 8271966, at *1 (3d Cir. Nov. 30, 2023) (*sua sponte* dismissal of 850-page and 1,200-page complaints); <u>Kamdem-Ouaffo v. Campbell Soup Co.</u>, No. 20-3172, 2021 WL 5600508, at *2 (3d Cir. Nov. 30, 2021) (dismissal of *pro se* complaints which contained 332 pages and 1200 paragraphs); <u>Stephanatos v. Cohen</u>, 236 F. App'x 785, 787 (3d Cir. 2007) (dismissing 550 page *pro se* amended complaint under Rule 8). However, the rejection of a prolix pleading under Rule 8 should in the first instance be without prejudice to the submission of a complaint which in a concise and direct fashion provides a short and plain statement of the claim showing that the pleader is entitled to relief. <u>Id.</u> <u>See</u> <u>Ciralsky v. C.I.A.</u>, 355 F.3d at 664 (dismissal of *pro se* complaint which was 119 pages long and contained 367 numbered paragraphs without prejudice).

Here the *pro se* plaintiffs invite us to approve the filing of a second amended complaint and exhibits which total some 946 pages in length. However, this proposed pleading fails to meet Rule 8's mandate that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," set forth in a "concise, and direct" manner. Further, the second amended complaint's averments regarding alleged criminal conduct by various non-parties are particularly troubling and inappropriate since, in its current form, the amended complaint levels

these grave allegations without affording those named in the complaint a forum in which to challenge these averments. As such, these inflammatory and prejudicial allegations leveled against non-parties are potentially subject to being stricken under Rule 12(f). <u>Millennium Funding, Inc. v. Priv. Internet Access, Inc.</u>, No. 21-CV-01261-NYW-SKC, 2022 WL 7560395, at *9 (D. Colo. Oct. 13, 2022).

Recognizing these fundamental flaws in the *pro se* plaintiffs' proposed second amended complaint, and acknowledging the need for greater focus and clarity in these pleadings, it is recommended that the plaintiffs be given leave to further amend their complaint, but that the plaintiffs' proposed amended complaint, which violates Rule 8, be rejected by the Court. Instead, the plaintiffs should be directed to file a complaint which fully complies with Rule 8.[2]

C. **<u>The Plaintiffs' Request for a Stay of Proceedings in Order to Allow Them to Retain Counsel Should Be Granted</u>**.

Finally, the *pro se* plaintiffs have filed a motion to stay proceedings briefly while they endeavor to secure the assistance of competent legal counsel. Given the complexity and gravity of the claims made in this litigation, and the challenges which these *pro se* litigants face in fashioning a comprehensive amended complaint

---

[2] Further, given the *pro se* plaintiffs' penchant for ever expanding complaints which have grown over the past year from 108 pages to 946 pages in length, the Court may wish to impose a reasonable 100-page limit upon the plaintiffs in terms of any further amendments of their pleadings. See <u>Daker v. Bryson</u>, 841 F. App'x 115, 123 (11th Cir. 2020) (affirming order imposing page limit on *pro se* plaintiff's complaint).

which complies with the strictures of Rule 8, seeking the assistance of counsel at this juncture is a prudent move on the plaintiffs' part.

"The decision of whether to grant a stay is entirely within the District Court's discretion." D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002). When exercising this broad discretion typically courts "consider[] three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc., 193 F. Supp. 3d 345, 348 (D. Del. 2016).

In our view, the first of these factors—simplifying issues for litigation—clearly favors a brief stay to enable the Sokolowskis to obtain counsel and prepare an appropriate amended complaint since we have found that the *pro se* plaintiffs' proposed complaint is so prolix that it violates Rule 8. Further, the second factor we must consider—the status of the litigation—also weighs in favor of allowing the plaintiff some brief stay while they attempt to obtain counsel. Despite the passage of a year, this case remains mired in an early stage of litigation as the *pro se* plaintiffs struggle to articulate their claims in a direct and concise fashion. Securing counsel would promote the orderly litigation of this case, rather than delay or prolong these

proceedings. Finally, granting a brief stay does not work any undue prejudice on these defendants in our view. Quite the contrary, if a stay enables competent counsel to enter this case, the interests of all litigants would be advanced.

Finding that these factors weigh in favor of staying proceedings to allow the plaintiffs to retain counsel, it is recommended that the motion to stay, (Doc. 63), be granted, provided that the Court instructs the *pro se* plaintiffs that if they are unable to retain counsel within the time allotted by the Court it will remain their obligation to file an amended complaint which complies with Rule 8.

## IV.    <u>Recommendation</u>

For the foregoing reasons, IT IS RECOMMENDED as follows:

First, since the *pro se* plaintiffs' first amended complaint has, in effect, been declared a legal nullity by the *pro se* plaintiffs who seek to amend their pleadings the defendants' motions to dismiss this abandoned complaint, (Docs. 24, 25), should be deemed moot.

Second, it is recommended that the plaintiffs' motion to amend, (Doc. 60), be GRANTED, in part, in that the plaintiffs be given leave to further amend their complaint, but that the plaintiffs' proposed second amended complaint, which violates Rule 8, be rejected by the court. Instead, the plaintiffs should be directed to file a complaint which fully complies with Rule 8.

Finally, it is recommended that the motion to stay, (Doc. 63), be GRANTED, provided that the Court instructs the *pro se* plaintiffs that if they are unable to retain counsel within the time allotted by the Court it will remain their obligation to file an amended complaint which complies with Rule 8.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of January 2026.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge