UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN H. SOKOLOWSKI, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 4:25-CV-00001 |
| v. | (MEHALCHICK, J.) |
| DIGITAL CURRENCY GROUP, INC., et al., | |
| Defendants. | |

### ORDER

Plaintiffs Stephen H. Sokolowski and Christopher H. Sokolowski (together, "Plaintiffs") initiated this *pro se* action on January 2, 2025, by filing a complaint. (Doc. 1). On March 25, 2025, Plaintiffs filed the operative amended complaint against Defendants Digital Currency Group, Inc., Barry E. Silbert, and Soichiro Michael Moro (collectively, "Defendants") alleging that Defendants are liable for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (Doc. 22). On April 8, 2025, Defendants filed two motions to dismiss. (Doc. 24; Doc. 25). On January 2, 2026, Plaintiffs filed a motion to amend/correct along with a proposed second amended complaint. (Doc. 60; Doc. 60-1). On January 9, 2026, Plaintiffs filed a motion to stay this action for them to have time to retain counsel. (Doc. 63).

On January 27, 2026, Magistrate Judge Martin C. Carlson filed a report and recommendation recommending that the Court deny the pending motions to dismiss (Doc. 24; Doc. 25) as moot because Plaintiffs' "motion to amend their complaint evinces a fixed

and firm intent to abandon their first amended complaint in favor of a new pleading which embraces additional parties along with new and different legal claims." (Doc. 72). However, Judge Carlson noted that Plaintiffs' proposed second amended complaint continues a pattern of Plaintiffs dramatically expanding the length of their complaints and the proposed second amended complaint and accompanying exhibits constitute a voluminous 946 pages. (Doc. 72, at 7-10). Having screened the proposed second amended complaint, Judge Carlson determined that the proposed second amended complaint violates Federal Rule of Civil Procedure 8's "mandate that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' set forth in a 'concise, and direct' manner." (Doc. 72, at 7-10) (quoting Fed. R. Civ. P. 8). Thus, Judge Carlson recommended that the Court direct Plaintiffs to amend their complaint, but that the Court reject the proposed second amended complaint. (Doc. 72, at 7-10). Finally, Judge Carlson recommended that the Court grant Plaintiffs' motion for a stay and that the Court advise Plaintiffs that if they do not retain counsel within the time allotted by the Court, Plaintiffs will be obliged to file a new amended complaint *pro se*. (Doc. 72, at 10-12). Judge Carlson informed the parties that they had fourteen days to file an objection to the report. (Doc. 72, at 13). No party filed a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 72).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28

U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 72). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Carlson's report and recommendation (Doc. 72) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DENIES** Defendants' motions to dismiss **as moot**. (Doc. 24; Doc. 25). The Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion to amend/correct. (Doc. 60). Plaintiffs are **GRANTED** leave to amend and **DIRECTED** to file a second amended complaint. The Court **REJECTS** Plaintiffs' proposed second amended complaint. (Doc. 60-1). The Court further **GRANTS** Plaintiffs' motion to stay and **STAYS** this action for sixty days, until Tuesday, May 5, 2026, in order for Plaintiffs to retain counsel. (Doc. 63). If Plaintiffs are unable to retain counsel by or before Tuesday, May 5, 2026, Plaintiffs must file a *pro se* second amended

complaint on or before Tuesday, May 19, 2026.

                                               **BY THE COURT:**

Dated: March 6, 2026                        *s/ Karoline Mehalchick*
                                               **KAROLINE MEHALCHICK**
                                               **United States District Judge**