UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI,

Plaintiffs

- against -

DIGITAL CURRENCY GROUP, INC., BARRY E. SILBERT, and SOICHIRO "MICHAEL" MORO,

Defendants.

Electronically Filed

Civil Action No. 4:25-cv-00001

Hon. Karoline Mehalchick
Hon. Martin C. Carlson

Complaint filed January 2, 2025

**BRIEF IN SUPPORT OF DEFENDANTS' FED. R. CIV. P. 41(b) MOTION TO DISMISS AND REQUEST TO ADJOURN DEADLINE TO FILE FED. R. CIV. P. 12(b) MOTION TO DISMISS**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

MCCORMICK LAW FIRM
835 W 4th St,
Williamsport, PA 17701

*Attorneys for Defendants Digital Currency Group, Inc. and Barry E. Silbert*

ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000

KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market St., Suite 1400
Philadelphia, PA 19103

*Attorneys for Defendant Soichiro "Michael" Moro*

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ....... 1
FACTUAL BACKGROUND ....... 2
ARGUMENT ....... 6
I. The Court Should Dismiss This Action Pursuant to Rule 41(b) for Failure to Comply with This Court's Order and Failure to Prosecute ....... 6
A. Plaintiffs bear exclusive responsibility for their conduct. ....... 8
B. Defendants are prejudiced. ....... 8
C. Plaintiffs have a history of dilatoriness. ....... 9
D. Plaintiffs' conduct is willful and in bad faith. ....... 10
E. Lesser sanctions will not suffice. ....... 12
F. Plaintiffs' claim lacks merit. ....... 12
II. The Court Should Adjourn The Deadline to File Any Rule 12(b) Motion ....... 13
A. Defendants request a modest stay. ....... 14
B. Defendants will face hardship and inequity. ....... 14
C. A stay will not injure Plaintiffs. ....... 15
D. A stay will simplify the issues and promote judicial economy. ....... 15
CONCLUSION ....... 16

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Azubuko v. Bell Nat'l Org.*,
243 F. App'x 728 (3d Cir. 2007) ........ 7

*Bolus v. Bolus*,
2025 WL 1450545 (M.D. Pa. Apr. 25, 2025),
*report and recommendation adopted in relevant part,* 2025 WL 1448214 (M.D. Pa. May 20, 2025) ........ *passim*

*Brown v. Bivens*,
2026 WL 1092000 (M.D. Pa. Apr. 22, 2026) ........ 14-15

*Emerson v. Thiel Coll.*,
296 F.3d 184 (3d Cir. 2002) ........ 8, 10

*Lujan v. Nat'l Wildlife Fed'n.*,
497 U.S. 871 (1990) ........ 11

*Poulis v. State Farm Fire and Cas. Co.*,
747 F.2d 863 (3d Cir. 1984) ........ 7, 13

*Rajput v. Synchrony Bank,*
221 F. Supp. 3d 607 (M.D. Pa. 2016) ........ 13-15

*Salvatore v. Microbilt Corp.*,
2015 WL 5008856 (M.D. Pa. Aug. 20, 2015) ........ 15

*Torres v. Gautsch,*
304 F.R.D. 189 (M.D. Pa. 2015) ........ 7

## STATUTES & RULES

Fed. R. Civ. P. 12(b) ........ 1-2, 13-16

Fed. R. Civ. P. 41(b) ........ 1-2, 6-7, 12-13, 16

Defendants Digital Currency Group, Inc. ("DCG"), Barry E. Silbert, and Soichiro "Michael" Moro respectfully submit this memorandum of law in support of their Fed. R. Civ. P. 41(b) Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") (ECF No. 96) with prejudice ("Motion") and adjourn Defendants' deadline to file any Fed. R. Civ. P. 12(b) motion to dismiss this action ("Action") until fourteen days after the Court rules on this Motion.

## PRELIMINARY STATEMENT

Five months after Plaintiffs' May 19, 2026 deadline to file a second amended complaint elapsed, Plaintiffs filed their SAC with no explanation for its untimeliness. The Court's order setting that deadline was crystal clear. While the Court granted Plaintiffs a generous stay between March 6 and May 5, 2026 to attempt to secure counsel, in the event that they did not or could not, the order expressly directed them to file their SAC pro se by May 19, 2026. May 19 came and went. Plaintiffs filed no amended complaint. They offered no reason for their failure to do so. Nor, contrary to their representations to this Court, have they taken ***any*** steps since to pursue this litigation. Because such tactics are impermissible, the Court should dismiss the untimely and unauthorized SAC with prejudice pursuant to Rule 41(b) for violating the Court's order and for failure to prosecute.

There is no reason to relieve Plaintiffs from the consequences of their choices to disregard the Court's order and abandon this Action. Their new AI-drafted SAC

is substantively identical to the two complaints they previously filed—both of which were withdrawn ***after*** Defendants spent substantial time and money moving to dismiss them. The SAC thus easily could have and should have been filed on or before the May 19 deadline. Having flouted this Court's deadline and allowed this case to languish for months, Plaintiffs cannot simply file a new complaint out of the blue and pretend that this Action is still active. Plaintiffs have charted their course, and the Court should dismiss this Action with prejudice under Rule 41(b).

Defendants further request an adjournment of their deadline to move to dismiss this Action pursuant to Rule 12(b) pending the resolution of this Motion. Defendants do not wish to burden the Court with considering a Rule 12(b) motion that they will never have to file if the Court grants the instant Motion. Nor should Defendants have to expend the time and resources necessary to file yet another such motion, after they twice had to move to dismiss the same claim, based on what are essentially the same allegations, in prior iterations of Plaintiffs' complaint. Each time, Plaintiffs evaded a ruling on the merits by tactically amending their complaint and mooting Defendants' motions. Accordingly, Defendants respectfully request that the Court adjourn their deadline to file any Rule 12(b) motion to dismiss the SAC until fourteen days after any ruling on this Motion.

## FACTUAL BACKGROUND

Plaintiffs commenced this action pro se on January 2, 2025. Like the SAC,

their initial, AI-drafted complaint (the "Original Complaint") asserted a single claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Again like the SAC, that claim was based on alleged loans made by Plaintiffs' investment fund, nonparty Cryptocurrency Management LLC, to another nonparty, Genesis Global Capital LLC. (ECF No. 1.) Shortly after Defendants moved to dismiss the Original Complaint (ECF Nos. 9, 17, 19), Plaintiffs filed a First Amended Complaint (the "FAC"), which added hundreds of pages of exhibits but otherwise asserted the same UTPCPL claim. (ECF No. 22.)

Defendants again moved to dismiss the FAC. (ECF Nos. 24, 25, 37, 38.) After the motions were fully briefed but while still pending, Plaintiffs moved for leave to file a proposed second amended complaint (the "Prior Proposed SAC") and stay the action for three months to enable Plaintiffs to seek counsel. (ECF Nos. 60, 61, 63.) The Prior Proposed SAC sought to drastically expand the scope of the case. It sought to add new parties and new claims, as well as bizarre allegations that Defendants conspired with Chinese hackers to ruin Plaintiffs' business. (ECF No. 60-1.)

The Court determined that Plaintiffs had abandoned the FAC but found that the Prior Proposed SAC did not comply with Federal Rule of Civil Procedure 8(a). (ECF No. 78 at 1-3 (adopting ECF No. 72); *see also* ECF No. 72 at 7-10.) The Court thus rejected the Prior Proposed SAC, stayed the action until May 5, 2026 "in order

for Plaintiffs to retain counsel," but nonetheless "**DIRECTED**" Plaintiffs to file a second amended complaint compliant with the Federal Rules. (ECF No. 78 at 3 (emphasis in original).) The Court's order was clear: it specified that "Plaintiffs ***must*** file a *pro se* second amended complaint ***on or before Tuesday, May 19, 2026***," even if they "are unable to retain counsel." (*Id.* at 3-4.)[1]

Plaintiffs neither retained counsel nor filed a second amended complaint by the May 19 deadline. Instead, on April 26, 2026, Plaintiffs filed a motion to further extend their deadline to file a second amended complaint by 30 days, ostensibly to give potential counsel additional time to review "the evidence." (ECF No. 79 ¶ 3.) As Plaintiffs represented to the Court, Defendants consented to this request only on condition that Plaintiffs "not seek[] any further extensions of the deadline to file the second amended complaint"—a condition Plaintiffs accepted. (ECF No. 81 ¶ 1.)

On May 5, 2026, however, Plaintiffs reneged and sought yet a further extension, this time seeking to extend their deadline to file a second amended complaint by another six months, through November 19, 2026. (ECF No. 82.)[2] Plaintiffs represented that they did not intend to retain counsel in this Action but would instead retain counsel to take discovery in and potentially litigate a separate

---

[1] Unless otherwise noted, all case and other citations omit internal citations, quotation marks, and alterations, and all emphasis is added.

[2] Plaintiffs withdrew their request for the 30-day extension. (ECF No. 84.)

adversary proceeding involving Plaintiffs and DCG in the Bankruptcy Court for the Southern District of New York (the "New York Action"). (ECF No. 83 at 7-8.) The subject of the intended discovery was Plaintiffs' ***own*** agreement with a nonparty in ***both*** this Action ***and*** the New York Action. Plaintiffs contended that they needed such discovery, even though they at all times had possession of the relevant agreement and, in fact, had already filed it on the docket in this Action. (*Id.*; *see also* ECF No. 60-2 at 315-32.) Nonetheless, Plaintiffs asserted that such "discovery may materially affect both the substance of the second amended complaint [in this Action] and Plaintiffs' practical ability to file a disciplined, counsel-informed complaint here." (ECF No. 83 at 8.) They further argued that granting them a stay to pursue discovery in New York "will allow threshold assignment, standing, the circumstances surrounding the filing of the [New York Action], and direct-versus-derivative issues to be clarified before the second amended complaint is filed here." (*Id.* at 2.) Defendants opposed. (ECF No. 85.)

The Court did not grant Plaintiffs' requested extension or, for that matter, ***any*** extension. And, while Plaintiffs retained counsel in the New York Action, neither Plaintiffs nor their counsel took any steps to pursue discovery in that proceeding, which continues to remain adjourned without date. (*See* Schwartz Decl. ¶ 9.)

On October 19, 2026—five months after the Court's May 19 deadline for filing a second amended complaint had passed—Plaintiffs, proceeding pro se, filed

the SAC. (ECF No. 96.) The SAC omits all of the additional parties, claims, allegations, and exhibits that Plaintiffs had sought to include in their Prior Proposed SAC. Instead, the SAC is identical in substance to the Original Complaint and FAC—although it omits their exhibits as well—and reverts to asserting a single UTPCPL claim. (*Id.*) The SAC makes no reference to the New York Action or any discovery from that action. Nor does the SAC contain any explanation for why it was filed five months after the Court-ordered May 19, 2026 deadline. Likewise, the SAC offers no proposed justification for why Plaintiffs needed five additional months to prepare and file essentially the same complaint—with the same claim and essentially the same allegations—as the Original Complaint and FAC, which they had filed well over a year ago in January and March 2025.

## ARGUMENT

### I. The Court Should Dismiss This Action Pursuant to Rule 41(b) for Failure to Comply with This Court's Order and Failure to Prosecute

Under Rule 41(b), a defendant may move to dismiss an action when, as here, "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Both prongs of Rule 41(b) provide a basis for dismissing this Action with prejudice. Plaintiffs were ***ordered*** to file an amended complaint on or before May 19, 2026. (ECF No. 78). But Plaintiffs refused to comply with that order and then failed to prosecute this action for ***five months*** before they finally filed the SAC on October 19, 2026. All the while, the purported reason for Plaintiffs' request for an

extension of time to file an amended complaint—to take discovery in the New York Action (ECF No. 83 at 7-8)—went unpursued, as Plaintiffs did not serve Defendants or any third parties with discovery in that proceeding or otherwise take any steps to litigate it. Plaintiffs' open violation of this Court's order to file their SAC on or before May 19, 2026 and their unexplained failure to prosecute this Action each provides an independent basis for dismissal under Rule 41(b).

Courts consider six factors to determine whether dismissal under Rule 41(b) is warranted: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . . and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Defendants need not satisfy each factor to obtain dismissal. *See, e.g.*, *Torres v. Gautsch*, 304 F.R.D. 189, 191-92 (M.D. Pa. 2015) (dismissing where plaintiffs "fail[ed] to comply with court orders" and were "personally responsible for the stagnation of the proceedings"). Where, as here, "a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Azubuko v. Bell Nat'l Org.*, 243 F. App'x 728, 729 (3d Cir. 2007). Regardless, a "dispassionate assessment" of each *Poulis* factor weighs in favor of dismissing this action. *Bolus v. Bolus*, 2025 WL 1450545,

at *3 (M.D. Pa. Apr. 25, 2025) (Carlson, M.J.), *report and recommendation adopted in relevant part*, 2025 WL 1448214 (M.D. Pa. May 20, 2025).

**A. Plaintiffs bear exclusive responsibility for their conduct.**

***First***, Plaintiffs are proceeding pro se and thus bear full responsibility for their own failures to abide by the Court's order and prosecute this Action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Indeed, a pro se plaintiff's "failure to respond to the Court's prior order is ***entirely attributable***" to them, and cannot be blamed on counsel or anyone else. *Bolus*, 2025 WL 1450545, at *3.

**B. Defendants are prejudiced.**

***Second***, Defendants have been and continue to be prejudiced by Plaintiffs' conduct. In addition to incurring significant costs litigating an Action that Plaintiffs have refused to prosecute, "the plaintiff[s'] failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action." *Id.* at *4. Like the defendant in *Bolus*, Defendants here have already been "compelled to respond" to Plaintiffs' claims, twice. (*Id.*; *see also* ECF Nos. 9, 25). Defendants are "plainly prejudiced by the plaintiff[s'] continuing inaction," and dismissal of the action is warranted. *Bolus*, 2025 WL 1450545, at *4.

**C. Plaintiffs have a history of dilatoriness.**

***Third***, Plaintiffs' "history of dilatoriness" favors dismissal. Standing alone, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness." *Id.* at *4.

Plaintiffs repeatedly delayed this action by amending or seeking leave to amend their complaint ***after*** Defendants had already moved against it. They filed their FAC on March 25, 2025 (ECF No. 22)—seven days after service of DCG's and Mr. Silbert's brief in support of their motion to dismiss the Original Complaint (ECF Nos. 16, 17). Plaintiffs then filed their motion for leave to file the Prior Proposed SAC on January 2, 2026 (ECF No. 60)—six months after Defendants had fully briefed their motions to dismiss the FAC (*see* ECF Nos. 52, 53). On each occasion, Plaintiffs' conduct wasted Defendants' time and resources and prevented the Court from ruling on pending motions to dismiss, delaying resolution of this Action.

The SAC only compounds this delay. It reprises essentially the same substantive allegations that were in the Original Complaint Plaintiffs filed in January 2025. Defendants moved to dismiss that complaint ***over nineteen months ago***, but, since then, Plaintiffs have repeatedly evaded a ruling on the merits of the same allegations and the same claim through serial, tactical amendments.

The extensive, unexplained, and unauthorized delay that Plaintiffs gave themselves by disregarding the Court's order and filing the SAC five months after

the deadline continues the dilatory tactics they have pursued from the outset. Beyond timing the amendments to their complaints to moot Defendants' pending dismissal motions, Plaintiffs also have repeatedly sought and received ***multiple*** stays of the litigation and extensions of time to file pleadings—including filing ***four*** extension or stay motions this year alone. (ECF Nos. 61, 63, 79, 82.) Indeed, even when setting the May 19, 2026 deadline, the Court granted Plaintiffs a sixty-day stay to obtain counsel to represent them in this Action and assist them with preparing and filing the SAC. (ECF No. 78.) Yet, Plaintiffs abused that stay; they did not retain counsel in this Action and instead continued to seek further extensions even ***after*** representing to Defendants and the Court—falsely—that they would not do so. (ECF No. 81 ¶ 1.) Having been "afforded a stay and numerous extensions of time," Plaintiffs' failure to comply with the SAC filing deadline confirms that they have no intent "to prosecute [t]his case as opposed to seek additional stays." *Emerson*, 296 F.3d at 191. Their delay tactics thus cut strongly in favor of dismissal.

**D. Plaintiffs' conduct is willful and in bad faith.**

***Fourth***, Plaintiffs' conduct has been willful and in bad faith, unnecessarily "dragging the case out." *Id.* Their decision to wait five months after expiration of the May 19 deadline to file the SAC was undeniably "willful and not merely negligent and inadvertent." *Id.* There can be no dispute about this. In two separate stay motions—filed just a week apart—Plaintiffs specifically acknowledged that

they were subject to the May 19, 2026 filing deadline. (*See* ECF No. 79 ¶ 2; ECF No. 83 ¶ 1.) Thereafter, when Plaintiffs missed that deadline—still without ever attempting to explain their delay—Defendants filed a "Notice of Plaintiffs' Failure to File A Second Amended Complaint" on May 21, 2026. (ECF No. 86.) Thus, the May 19 deadline was known to Plaintiffs all along and did not somehow sneak up on them or catch them unawares.

Plaintiffs' five-month delay also rises to bad faith. Instead of doing what the Court ordered, Plaintiffs requested a six-month extension (which was not granted) after representing to both the Court and Defendants that they ***would not seek such an extension***. (ECF No. 81 ¶ 1.)[3] Moreover, Plaintiffs' stated reason for seeking that extension—to take discovery in the New York Action (ECF No. 83 at 7-8)—has proven pretextual. Indeed, Plaintiffs took no steps to pursue any discovery in or otherwise litigate the New York Action (Schwartz Decl. ¶ 9)*, **and the SAC makes no reference to the New York Action at all*** (*see* ECF No. 96). Instead, Plaintiffs elected to sit on their hands for five months without prosecuting this case. They then

[3] Nor did Plaintiffs' mere filing of the extension motion(s) automatically stay their deadline to file the SAC. Rather, Rule 6(b) "provides the mechanism by which the discretion [of the district court] is to be invoked and exercised" in considering an extension and expressly requires that "any extension of a time limitation must be 'for cause shown.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895-96 (1990). In other words, a district court cannot grant an extension unless it "find[s] as a substantive manner that there was indeed 'cause' for the late filing." *Id.* at 897. Here, however, as Plaintiffs well knew, the Court never found that there was cause to extend their May 19 deadline to file the SAC.

filed the SAC, which contains no new allegations and looks, for all intents and purposes, like the Original Complaint they filed nearly two years ago. Such "strategic, intentional or self-serving behavior" plainly supports dismissal. *Bolus*, 2025 WL 1450545, at *4.

**E. Lesser sanctions will not suffice.**

***Fifth***, "the plaintiff[s'] status as [] *pro se* litigant[s] severely limits the ability of the Court to utilize other lesser sanctions [besides dismissal] to ensure that this litigation progresses in an orderly fashion." *Id.* at *5. Nor should alternative sanctions be considered here, given the Court's prior "**DIRECT[ION]**" and order that "Plaintiffs must file a *pro se* second amended complaint" in compliance with the Federal Rules "on or before Tuesday, May 19, 2026." (ECF No. 78 at 3-4.)

**F. Plaintiffs' claim lacks merit.**

***Sixth***, and finally, Plaintiffs' UTPCPL claim lacks merit. This Court, of course, need not even consider the merits to dismiss the SAC pursuant to Rule 41(b) because "the untested merits of the non-compliant plaintiff[s'] claims, standing alone, cannot prevent dismissal of a case for failure to prosecute." *Bolus*, 2025 WL 1450545, at *4. But, as Defendants have already demonstrated in two separate motions to dismiss, even a cursory review of the allegations in the SAC demonstrates that Plaintiffs' UTPCPL claim fails because, *inter alia*, Plaintiffs lack standing to

assert it, waived any claims against Defendants, and cannot allege facts to support multiple required elements of a UTPCPL claim. (ECF Nos. 17, 37, 38, 52, 53.)

* * *

As set forth above, each *Poulis* factor weighs strongly in favor of dismissal. Accordingly, Defendants respectfully request that the Court dismiss this Action with prejudice pursuant to Rule 41(b) in light of Plaintiffs' failure to comply with the Court's order and their failure to prosecute this Action.

## II. The Court Should Adjourn The Deadline to File Any Rule 12(b) Motion

In addition, Defendants respectfully request that the Court adjourn their deadline to file any Rule 12(b) motion to dismiss (if necessary) until fourteen days after the Court resolves the instant Motion. As discussed above, the SAC is plainly untimely and procedurally improper. Defendants should not be required to file a ***third*** substantive Rule 12(b) motion, incurring significant additional expenses in the process, before the Court rules on the instant Motion, which may entirely dispose of the SAC. Nor should the Court have to consider any such Rule 12(b) motion at this point, considering the delays occasioned by Plaintiffs' dilatory tactics.

"The District Court has broad discretion to stay proceedings." *Rajput v. Synchrony Bank*, 221 F. Supp. 3d 607, 609 (M.D. Pa. 2016). In evaluating a motion to stay, courts in this district consider: "(1) the length of the requested stay; (2) the 'hardship or inequity' that the movant would face going forward with the litigation;

(3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay will simplify issues and promote judicial economy." *Id.* at 609-10 (collecting cases). Each factor weighs in favor of granting Defendants' request for a brief stay here.

**A. Defendants request a modest stay.**

***First***, Defendants request only a limited stay pending the Court's decision on this Motion. The duration of the stay can be minimal, subject to the Court's availability to decide the instant Motion. *See Brown v. Bivens*, 2026 WL 1092000, at *2 (M.D. Pa. Apr. 22, 2026) (granting stay where defendant sought "only a temporary stay"). Further, Plaintiffs have delayed resolution of this matter for over a year—including by filing multiple amended complaints, multiple requests for stays, and now filing the SAC five months after expiration of the applicable deadline. The short stay Defendants request to allow the Court to adjudicate this Motion is *de minimis* by comparison to the delays Plaintiffs have caused.

**B. Defendants will face hardship and inequity.**

***Second***, Defendants will face hardship and inequity if the short stay they request is not granted, because they will be required to brief a ***third*** substantive Rule 12(b) motion to dismiss. Doing so will "incur unnecessary fees and expenses," which is sufficient prejudice to justify a stay. *Rajput*, 221 F. Supp. 3d at 612. Moreover, such additional "motion[] practice . . . would be at risk of being rendered moot" by a decision on this Motion. *Id.* Defendants previously moved to dismiss

two earlier iterations of Plaintiffs' complaint and responded to multiple motions to stay this action, including multiple motions that Plaintiffs later withdrew. (ECF Nos. 16, 37, 38, 52, 53, 67, 80, 85.) Briefing those motions required Defendants to incur significant litigation costs. Defendants should not now be required to incur still additional costs to seek dismissal of this Action under Rule 12(b) for a third time before the Court can rule on whether such briefing is even necessary.

**C. A stay will not injure Plaintiffs.**

***Third***, the "relatively short delay because of [the requested] stay . . . likely will not cause substantial injury to Plaintff[s]" and thus supports granting the stay. *Rajput*, 221 F. Supp. 3d at 613; *Brown*, 2026 WL 1092000, at *2 (finding no "undue prejudice" from "a brief delay"). Nor can Plaintiffs claim any prejudice in light of the extensive delays attributable to their tactics.

**D. A stay will simplify the issues and promote judicial economy.**

***Fourth***, and finally, a stay would promote judicial economy by preserving the parties' and the Court's resources. It would also simplify the issues by allowing the Court to determine one issue at a time: first, whether Plaintiffs' SAC is properly before the Court, and second—if necessary—whether the SAC states a claim. *See Brown*, 2026 WL 1092000, at *2 (granting stay where it would likely "conserv[e] the resources o[f] both the court and the parties"); *Salvatore v. Microbilt Corp.*, 2015 WL 5008856, at *2 (M.D. Pa. Aug. 20, 2015) (Carlson, M.J.) (finding "a stay is

likely to promote a more orderly course of justice, and judicial economy," where it "allow[s] the court and the parties to await" a decision which will guide the case).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court (1) dismiss Plaintiffs' SAC with prejudice pursuant to Rule 41(b), and (2) adjourn the deadline for Defendants to file any Rule 12(b) motions to dismiss (if necessary) until fourteen days after the Court resolves this Motion.

Dated: New York, New York
October 29, 2026

Respectfully submitted,

**DAVIS POLK & WARDWELL LLP**

*/s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky (*admitted pro hac vice*)
Daniel J. Schwartz (*admitted pro hac vice*)
Matthew R. Brock (*admitted pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
ben.kaminetzky@davispolk.com
daniel.schwartz@davispolk.com
matthew.brock@davispolk.com

– and –

**McCORMICK LAW FIRM**

*/s/ Austin White*
Austin White
PA312789

835 West Fourth Street
Williamsport, PA 17701
Telephone: (570) 326-5131
Facsimile: (570) 326-5529
awhite@mcclaw.com

*Attorneys for Defendants Digital Currency Group, Inc. and Barry E. Silbert*

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Marcus A. Asner*
Marcus Asner (*admitted pro hac vice*)
Yiqing Shi (*admitted pro hac vice*)
250 W 55th Street
New York, New York 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Marcus.Asner@arnoldporter.com
Yiqing.Shi@arnoldporter.com

– and –

**KLEHR HARRISON HARVEY BRANZBURG LLP**

*/s/ Joshua M. Link*
Joshua M. Link
1835 Market St., Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3003
Facsimile: (215) 568-6603
jlink@klehr.com
*Attorneys for Defendant Michael Moro*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN H. SOKOLOWSKI and CHRISTOPHER H. SOKOLOWSKI,<br><br>Plaintiffs<br><br>- against -<br><br>DIGITAL CURRENCY GROUP, INC., BARRY E. SILBERT, and SOICHIRO "MICHAEL" MORO,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 4:25-cv-00001<br><br>Hon. Karoline Mehalchick<br>Hon. Martin C. Carlson<br><br>Complaint filed January 2, 2025 |

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.8**

This brief complies with L.R. 7.8(b)(2) because it contains 3,845 words using the word count features of Microsoft Word in 14-point font size and Times New Roman Type Style.

DAVIS POLK & WARDWELL LLP

By: */s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky (*admitted pro hac vice*)
Attorneys for Defendants Digital Currency Group, Inc. and Barry E. Silbert

New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
ben.kaminetzky@davispolk.com

**CERTIFICATE OF SERVICE**

I hereby certify that the attached Brief in Support of Defendants' Fed. R. Civ. P. 41(b) Motion to Dismiss and Request to Adjourn Deadline to File Fed. R. Civ. P. 12(b) Motion to Dismiss was electronically filed with the court and electronically served upon all counsel on October 29, 2026.

DAVIS POLK & WARDWELL LLP

By: */s/ Benjamin S. Kaminetzky*
Benjamin S. Kaminetzky (*admitted pro hac vice*)
Attorneys for Defendants Digital Currency Group, Inc. and Barry E. Silbert

New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
ben.kaminetzky@davispolk.com