# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN H. SOKOLOWSKI and
CHRISTOPHER H. SOKOLOWSKI,
**Plaintiffs,**

v.

DIGITAL CURRENCY GROUP, INC.,
BARRY E. SILBERT,
SOICHIRO "MICHAEL" MORO,
**Defendants.**

Electronically Filed

Case No. 4:25-cv-00001

Hon. Karoline Mehalchick

**DECLARATION OF STEPHEN H. SOKOLOWSKI**

I am a plaintiff and have personal knowledge of these facts:

1. In June 2026, I reviewed PROHASHING LLC's potential Genesis claims.

2. Cryptocurrency Management LLC ("CM LLC") dissolved June 21. As sole member, I mailed certified claims notices to DCG, Silbert, and Jefferies on June 24, and further notices in July. The notices gave recipients a deadline to submit any written claim against CM LLC directly to the company. One purpose of the Jefferies notice was to identify any contractual claim it intended to assert against CM LLC and, if possible, reduce the need for discovery concerning the

sale. Jefferies, Silbert, and DCG allowed the CM LLC claims bar deadline of October 31 to expire by taking no action. That was one reason Christopher Sokolowski and I chose to proceed on the existing record, although its deadline had not fully passed at the time of filing.

3. I considered including Xclaim and Andrew Glantz, its representative in CM LLC's claim sale to Jefferies, in the replacement complaint. I mailed them a tolling proposal on September 11. I omitted them because the limited benefit of the alternative claim did not justify the defending the expected additional motions.

4. In June, after discovering evidence that PROHASHING's business systems had been compromised more than previously reported, I took the systems offline and preserved their data as it stood when I took them offline. That security work accounted for part of the time before filing. Because the original systems could not safely be returned to service, in September and October I helped rebuild the websites as static pages from the preserved data so that I could review the records for the complaint and for discovery.

5. By October 19, Jean Sokolowski, Henry Sokolowski, and I had signed an agreement resolving potential ownership questions about the wallet assets it covered.

6. Work on our Pennsylvania complaint was underway in July. I began a broader review of the evidence in late August or early September to confirm that

each allegation could be substantiated. By my rough estimate, the review covered some 500,000 emails and other documents. That number is only an estimate, offered as an example of the scale of the review; the actual number could differ substantially. The brief was filed on October 19 after checking the balances and allocations to distinguish our losses from PROHASHING's.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Stephen H. Sokolowski
Stephen H. Sokolowski, *Pro Se*
3178 Carnegie Drive
State College, PA 16803
(814) 600-9800
steve@shoemakervillage.org